UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

NINA YODER                                                    PLAINTIFF

v.                                              CIVIL ACTION NO. 3:09CV-205-S

UNIVERSITY OF LOUISVILLE, et al.                          DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on motion of the defendants, the University of Louisville ("U of L"), *et al.*, to dismiss the action, urging that plaintiff Nina Yoder's claims have been rendered moot.

This action arose from Yoder's dismissal from the U of L's School of Nursing for what U of L determined was a violation of its Honor Code and Course Confidentiality Agreement. Yoder posted a description on her Myspace page of a live birth she observed for a childbirth class (hereinafter the "Blog Post"). After a student services committee upheld her dismissal from the nursing program, Yoder filed this action against U of L and two of its officials alleging violation of her First and Fourteenth Amendment rights. Yoder sought both injunctive relief and damages under 42 U.S.C. § 1983.

The parties filed cross-motions for summary judgment. Yoder contended that her rights to free speech and due process were violated by U of L, that the Honor Code was unconstitutionally broad, and the Confidentiality Agreement was unconstitutionally vague. She sought summary judgment as to liability and a trial on her claim for damages. However, this court agreed with the defendants that this was not a free speech case, and addressed the merits on nonconstitutional

grounds, in keeping with the Supreme Court's directives. *Jean v. Nelson*, 472 U.S. 846, 854, 105 S.Ct. 2992, 86 L.Ed.2d 664 (1985).

U of L urged that Yoder violated her obligations as a nursing student and was dismissed from the nursing program for those violations. Additionally, U of L contended that the Blog Post in question would not find protection under the First Amendment in any event.

The court found that the terms in the Honor Code and Confidentiality Agreement should be given their plain, ordinary meaning, and that, under such a reading, Yoder's Blog Post did not breach her obligations under the agreements. The court entered a permanent injunction requiring her reinstatement as a student in the U of L School of Nursing and her immediate return to classes. The court did not address Yoder's claim for damages under 42 U.S.C. § 1983, as summary judgment was granted in Yoder's favor on nonconstitutional grounds.

U of L appealed the court's ruling. The Sixth Circuit reversed this court's grant of summary judgment, concluding that the ruling exceeded the authority granted by Fed.R.Civ.P. 54(c), as the parties had not litigated the matter under contract principles. The matter was remanded to this court for further proceedings on April 8, 2011, with the mandate issuing on May 3, 2011. During the pendency of the appeal, Yoder was reinstated to the nursing program pursuant to the injunction, completed her coursework, obtained her nursing degree, and left U of L.

U of L now seeks dismissal of the action as moot, urging that there is no longer a justiciable case or controversy. It contends that there is no longer any relief which may be granted to Yoder.

If events occur during a case, including during appeal, that make it impossible for the court to grant any effectual relief whatever to a prevailing party, the matter must be dismissed as moot. *Church of Scientology v. United States*, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992).

We find that the case at bar is indistinguishable from a recent case from the United States Court of Appeals for the Sixth Circuit. *Fialka-Feldman v. Oakland University Board of Trustees*, 639 F.3d 711 (6th Cir. 2011) parallels the case before us in many respects, but it does not govern the outcome of the case at bar.[1] To briefly summarize the findings in the *Fialka-Feldman* decision,

1. Fialka-Feldman, an individual with "cognitive impairment," began attending classes at Oakland University through the OPTIONS program which allows mildly disabled students to continue their education in a college setting, attending regular university courses and participating in student activities.

2. Fialka-Feldman applied for and was denied on-campus housing. The university denied his housing application on the ground that he was not an admitted Oakland University student.

3. Fialka-Feldman sued the university alleging that the university discriminated against him based on his disability in violation of the Americans with Disabilities Act, the Fair Housing Act, and the Rehabilitation Act.

4. The district court granted summary judgment in favor of Fialka-Feldman and entered a permanent injunction requiring that the university to accommodate his disability and waive its housing policy to do so. The court did not award damages, but did award attorney's fees which it held in abeyance pending the outcome of the university's appeal.

5. The university appealed while at the same time complying with the injunction. Fialka-Feldman moved into dormitory housing, completed the OPTIONS program and moved out of the dormitory, with no plan to enroll in other university programs.

---

[1] U of L did not cite the *Fialka-Feldman* case in its original brief, as the opinion had just issued the day prior to the filing of U of L's motion to dismiss. The case was cited in U of L's reply, with a copy of the Lexis version of the case. Yoder did not request leave to file a supplemental brief in light of this newly-minted opinion from the Sixth Circuit.

6. The university sought to pursue its appeal, but the appeal was dismissed by the Sixth Circuit, finding that "[w]hat started as a disagreement with consequences for both parties became an abstract dispute with consequences for neither party when Fialka-Feldman left the OPTIONS program." 639 F.3d at 714. The court found that once Fialka-Feldman completed his program, the injunction meant nothing to the university and required nothing of it.

7. The court found that the case was not "capable of repetition, yet evading review," *citing FEC v. Wis. Right to Life, Inc.*, 551 U.S. 449, 482, 127 S.Ct. 2652, 168 L.Ed.2d 329 (2007) and *DeFunis v. Odegaard*, 416 U.S. 312, 314-17, 94 S.Ct. 1704, 40 L.Ed.2d 164 & n. 2 (1974)("[T]here is no reason to suppose that a subsequent case attacking those procedures will not come with relative speed to this Court.").

8. The court found that Fialka-Feldman's claim for money damages did not save the case as he "lost the point as a matter of law below and did not cross-appeal that aspect of the judgment."

We find nothing to distinguish the *Fialka-Feldman* case other than the procedural posture of the claim for damages. As in *Fialka-Feldman*, Yoder has completed her educational program and been granted her degree, rendering the claim for injunctive relief ineffectual. She sought money damages under 42 U.S.C. § 1983 as Fialka-Feldman did under the Rehabilitation Act. Liability for damages under §1983 was not addressed by this court, as Yoder's claim was resolved on the merits on nonconstitutional grounds. In *Fialka-Feldman*, the trial court issued a permanent injunction but did not award damages, and Fialka-Feldman did not appeal the ruling on his damages claim. Here, the matter of damages was never addressed. Therefore, reversal by the Court of Appeals of this court's grant of summary judgment does not bar Yoder's claim for damages under § 1983. U of L contends that Yoder failed to preserve her claim for damages. However, there can be no failure to

preserve a claim that was never addressed by the court below.

As explained in *Blau v. Fort Thomas Public School District*, 401 F.3d 381, 387-88 (6th Cir. 2005), the existence of a damages claim saves the action from mootness:

> Before turning to the merits, we first address the school district's argument that we no longer have Article III jurisdiction over this dispute. The school district is right that we must consider this argument before reaching the merits but wrong in asserting that our authority over this dispute has vanished. Fort Thomas argues that this challenge to the dress code became moot when Amanda Blau entered high school and freed herself from the restrictions of the Highlands Middle School dress code. But in bringing this claim, Robert Blau not only sought injunctive and declaratory relief but also sought damages as well. Thus, even if Amanda's matriculation from middle school to high school mooted the claim for injunctive and declaratory relief (a point we need not decide), the existence of a damages claim ensures that this dispute is a live one and one over which Article III gives us continuing authority. *See Boag v. MacDougall,* 454 U.S. 364, 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982) (transfer to another prison did not moot prisoner's damages claim arising from his allegedly being placed in solitary confinement without notice or hearing); *Utah Animal Rights Coalition v. Salt Lake City Corp.,* 371 F.3d 1248, 1257 (10th Cir.2004) (injunctive relief could no longer redress the injury and the ''capable of repetition, yet evading review'' doctrine did not apply, but plaintiff's nominal damages claim saved action from mootness); *Mellen v. Bunting,* 327 F.3d 355, 364–65 (4th Cir.2003), *cert. denied,* 541 U.S. 1019, 124 S.Ct. 1750, 158 L.Ed.2d 636 (2004) (plaintiffs' claim for injunctive relief arising from challenge to constitutionality of supper prayer at Virginia Military Institute became moot upon the plaintiffs' graduation but the damages claim continued to present a live controversy); *Donovan v. Punxsutawney Area Sch. Bd.,* 336 F.3d 211, 218 (3d Cir.2003) (while a student's First Amendment claims for injunctive and declaratory relief became moot upon her graduation, her damages claim continued to present a live controversy); *Doe v. Madison Sch. Dist. No. 321,* 177 F.3d 789, 798 (9th Cir.1999) (en banc) (''A student's graduation moots claims for declaratory and injunctive relief, but it does not moot claims for monetary damages.'').

We conclude that, with a claim for damages remaining, the case has not be rendered moot by Yoder's graduation from nursing school. The motion of U of L to dismiss will therefore be denied.

U of L sought additional time in which to respond to Yoder's motion for summary judgment in the event that the court denied its motion to dismiss the case as moot. U of L will be granted

thirty (30) days in which to file a response to Yoder's motion for summary judgment. Yoder will then be afforded thirty (30) days in which to file a reply. A separate order will be entered this date in accordance with this opinion.

November 8, 2011

Charles R. Simpson III, Judge
United States District Court